UNITED STATES of America, Plaintiff-Appellee,

v.

Andrew Rodman McGAHEY, Defendant-Appellant.

No. 71-1814.

United States Court of Appeals, Ninth Circuit.

Oct. 11, 1971.

Rehearing Denied Nov. 4, 1971.

---

William Brockett, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., John R. Neece, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH, CARTER and CHOY, Circuit Judges.

PER CURIAM:

McGahey appeals from a denial by the District Court of his motion after imposition of sentence to withdraw his plea of guilty to five counts of mail fraud in violation of 18 U.S.C. § 1341. The motion is based on Rule 32(d), Federal Rules of Criminal Procedure.* An evidentiary hearing was held by the District Court which held that appellant's contentions were not supported by the facts developed. He asserts that his plea was not made knowingly and voluntarily; that his plea was based on his expectation of leniency resulting from plea negotiations between his appointed attorney and the assistant United States attorney, and the mistaken advice of his inexperienced attorney that the court would sentence him in accordance with the recommendation of the United States attorney to a period of incarceration equal to the four months he had spent in jail awaiting trial. The court, instead, gave him a much heavier jail sentence. We affirm.

At the time of plea, the court fully advised appellant of the consequences of the plea and of the potential maximum sentence of twenty-five years should the sentences be ordered to run consecutively, and that the court would reserve decision on sentencing until receipt and evaluation of a presentence report. The report revealed extensive mail fraud activities involving 447 aliens who had been victimized by appellant. Appellant's counsel discussed the report with him and told him that it made it more uncertain that the court would follow the plea bargaining. Nonetheless, no effort was made by either appellant or his counsel to withdraw the plea of guilty before the court imposed sentence of five years imprisonment on each of the first two counts to run consecutively, and five years on each of the remaining counts to run concurrently.

The clear implication of such recent cases as Reed v. United States, 441 F.2d 569 (9th Cir. 1971) and Christy v. United States, 437 F.2d 54 (9th Cir. 1971) is that guilty pleas entered upon unkept promises or otherwise rendered involuntary, constitute the "manifest injustice" set forth in Rule 32(d) as grounds for withdrawal of the pleas after sentencing. However, we agree with the district judge who was the fact finder that the guilty plea was knowing and voluntary. As we pointed out in Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963):

> "* * * Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave 'should be freely allowed.' * * * [W]ithdrawal of a guilty plea *after* sentence is conditioned * * upon a showing of 'manifest injustice.' * * * [I]f a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." (emphasis in original)

Affirmed.

---

* Rule 32(d) provides in part:
"A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."