**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter HARRIS, Sr.,**
**Defendant-Appellant.**

No. 75–2956.

United States Court of Appeals,
Ninth Circuit.

March 23, 1976.

Rehearing Denied June 16, 1976.

Victor Sherman, Beverly Hills, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before CHAMBERS and KOELSCH, Circuit Judges, and JAMESON,* District Judge.

KOELSCH, Circuit Judge:

After entering a plea of guilty on one of several counts pursuant to a plea bargain under which the remainder were dismissed and after being sentenced, Harris made a motion under F.R.Crim.P. 32(d) to set aside the judgment, and withdraw the plea. The district court denied the motion, and Harris appeals. We reverse.

The substance of Harris' contention is that the "manifest injustice" standard of Rule 32(d) is satisfied, and reversal required,[1] by the court's failure when taking

---

\* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. F.R.Crim.P. 32(d) provides:

    "(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

    Though the provision for setting aside judgment and permitting the defendant to withdraw his plea after sentence employs the term "may," hence connoting that the district court

is vested with discretion to deny relief, we have little doubt that the court would be required to grant relief upon an unequivocal showing of "manifest injustice"; to refuse to do so would constitute an abuse of discretion. In this connection, we doubt that the "manifest injustice" standard is any more rigorous than, or differs from, that which would entitle a prisoner to relief under 28 U.S.C. § 2255; we see little sense in denying a post-judgment attack made under Rule 32(d) where the prisoner would be entitled to relief, and could return in a subsequent proceeding to request it, under § 2255. Assuming the standards are, in substance, different, we simply treat this as a § 2255 motion.

the plea to advise Harris that a mandatory six-year special parole term would be appended to his sentence. We agree. As written at the time the plea was taken, F.R.Crim.P. 11 prohibited a district court from accepting a guilty plea "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of . . . the consequences of the plea." Reason and our prior decisions lead us to the conclusion that the court's failure to apprise Harris of the special parole term violated that requirement; the imposition of a mandatory special parole term is a "consequence of the plea" within the meaning of the rule. *See Fruchtman v. Kenton,* 531 F.2d 946, 948–949, No. 75–1757 (9th Cir. 1976); *United States v. Myers,* 451 F.2d 402, 404–405 (9th Cir. 1972); *Combs v. United States,* 391 F.2d 1017 (9th Cir. 1968); *Munich v. United States,* 337 F.2d 356, 361 (9th Cir. 1964). *Cf. United States v. Cunningham,* 461 F.2d 995, 997 (9th Cir. 1972); *United States v. McGahey,* 449 F.2d 738, 739 (9th Cir. 1971), *cert. denied,* 405 U.S. 977, 92 S.Ct. 1204, 31 L.Ed.2d 252 (1972). Our view is fully supported by the reasoned decisions of other federal courts. *Michel v. United States,* 507 F.2d 461, 463–464 n.2 (2d Cir. 1974); *Roberts v. United States,* 491 F.2d 1236, 1237–1238 (3d Cir. 1974); *United States v. Richardson,* 483 F.2d 516, 518 (8th Cir. 1973).[2] *See also McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). It is similarly supported by a subsequent amendment to Rule 11, which was adopted to "identif[y] more specifically what must be explained to the defendant";[3] that amendment specifies *in-*

*ter alia* that the court must advise the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." F.R.Crim.P. 11(c)(1).[4]

Vacated and remanded with instructions to grant the motion, set aside the judgment of conviction and sentence, and permit the defendant to withdraw his plea of guilty and plead anew.

**2.** *But see Bachner v. United States,* 517 F.2d 589, 597 (7th Cir. 1975).

**3.** *See* Notes of the Advisory Committee on the present Rule 11(c).

**4.** Though reversal is required, we deem it well to note that Harris' remaining contentions, that the plea cannot stand (1) because the court failed to inform Harris that it (the plea) might result in revocation of his state probation and the necessity that he first serve the remainder of his state sentence before commencing to serve his federal sentence, and (2) because at the time the plea was taken Harris' faculties

were impaired by drugs, are without merit. As to the first, we find *United States v. Myers,* 451 F.2d 402, 404–405 (9th Cir. 1972), inapposite; at most, a possible state revocation would be a collateral, not a direct, consequence of the plea and conviction; Harris was not in state custody at the time the federal conviction and sentence were imposed, and the record indicates that he was aware of the supposed "consequences" which he now claims render his plea involuntary. *See Fruchtman v. Kenton, supra,* 531 F.2d at 949. As to Harris' second contention, it is similarly resolved against him by the record.