UNITED STATES of America,
Plaintiff-Appellee,

v.

Gino Victor DEL PRETE,
Defendant-Appellant.

No. 77–2757.

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1978.

As Amended Feb. 15, 1978.

Robert M. Kissel (argued), Oakland, Cal., for defendant-appellant.

Mark Webb, Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered after a plea of guilty. Appellant pleaded guilty to one count of distributing heroin in violation of 21 U.S.C. § 841(a)(1). Before accepting the plea, the district judge advised Del Prete as to some matters specified in rule 11 of the Federal Rules of Criminal Procedure; but as to other matters, and in particular the statutory requirement of a special parole term, an explanation was incomplete or omitted. We vacate the conviction and remand to allow the defendant to plead anew.

Rule 11(c)(1) requires that before accepting a plea of guilty the trial court inform the defendant of, and determine that he understands, "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . . ." Disclosure of the factors set forth in rule 11 is mandatory. *United States v. Journet*, 544 F.2d 633 (2d Cir. 1976); *United States v. Boone*, 543 F.2d 1090 (4th Cir. 1976).

■ In explaining the penalties which could result from Del Prete's plea of guilty, the district judge told Del Prete that the violations with which he was charged triggered a "three-year special parole term which *may* be imposed" and that "there is a special parole term applicable to each of these sentences."[1] This court has held that when a statute such as 21 U.S.C. § 841(b)(1)(A) imposes a mandatory special parole term after any term of imprisonment, rule 11(c)(1) requires that the defendant be informed of that fact. *United States v. Harris*, 534 F.2d 141 (9th Cir. 1976). Moreover, in *Bunker v. Wise*, 550 F.2d 1155 (9th Cir. 1977), we emphasized the unique nature of the special parole sanction and the importance of assuring that the defendant is aware before pleading that the term is mandatory.[2] In this case the court mentioned the special parole term, but its explanation of how it operated was incomplete. The defendant should have been advised that a special parole term of at least three years is required whenever a defendant is sentenced to a term of imprisonment under 21 U.S.C. § 841(b)(1)(A), that a special parole term is in addition to the prison term, and that such terms may be imposed for as many years in addition to three years as the court deems proper. Del Prete was not advised of these matters.

■ We hold that in a case where a special parole term is applicable, the requirements of rule 11 are not met unless the defendant is informed and understands that if any term of imprisonment is imposed a special parole term of three years or more after imprisonment will be an additional and inevitable consequence. Other courts have also reached this conclusion. *See, e. g., United States v. Wolak*, 510 F.2d 164 (6th Cir. 1975) (defendant not informed of mandatory nature of special parole term); *United States v. Yazbeck*, 524 F.2d 641 (1st Cir. 1975) (defendant not questioned as to whether he understood mandatory nature of special parole and that it would follow any term of imprisonment).[3] Noncompliance with rule 11 in advising Del Prete of the special parole term in this case requires us to set aside the defendant's conviction and remand the case. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Bunker v. Wise*, 550 F.2d 1155 (9th Cir. 1977).

1. The only mention of a special parole term in the presence of the defendant before he pleaded guilty was as follows:

   Mr. Webb [government counsel]: Your Honor, if you might excuse my interruption. I think it is appropriate that the defendants be advised that with respect to the narcotics violations there is also a three-year special parole term which may be imposed.
   The Court: That is correct. In each of these they have been failed to noted [*sic*]. It is so that there is a special parole term applicable to each of these sentences. And each of you is aware of that; is that correct?
   Reporter's Transcript, vol. II, at 12.

2. *Harris* and *Bunker* were decided under rule 11 as it read before its amendment effective December 1, 1975. Federal Rules of Criminal Procedure Amendments Act of 1975, Pub.L.No. 94–64, §§ 2, 3(5), 89 Stat. 370–71 (1975). Prior to that date, rule 11 only required that the court determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." 18 U.S.C. Rule 11 (1970). As was suggested in both cases, *Bunker*, 550 F.2d at 1156 n. 2; *Harris*, 534 F.2d at 142, the amendment makes even more emphatic the requirement that a defendant be fully informed of the penalties possible in consequence of his plea, so that the reasoning of these cases applies *a fortiori* to this post-amendment situation.

3. Our decision in *Johnson v. United States*, 539 F.2d 1241 (9th Cir. 1976), is not to the contrary. In that case we concluded that the defendant had been fully apprised of the mandatory minimum penalty because he had been told that the statute required a mandatory special parole term, the maximum and minimum possible length of such term, and that such a term would be a sanction over and above any imprisonment he might suffer. *Id.* at 1243–44. Del Prete did not receive such explanations.

We think it appropriate to mention that there was noncompliance with rule 11 in another respect. The trial judge, in advising Del Prete of the consequences of his plea, informed him that the maximum punishment was fifteen years in prison and a fine of $10,000. This was a misstatement of the law, as the statute actually authorizes a $25,000 maximum fine. 21 U.S.C. § 841(b)(1)(A).

█ The Government argues that the omissions of the trial judge in instructing the defendant as required by rule 11 were cured by a written guilty plea application which Del Prete signed. Requesting a defendant to review and sign a written document setting forth the advice required by rule 11(c) is a proper procedure that may be of substantial assistance to the defendant in understanding the consequences of his plea, but it is emphatically not a substitute for the clear dictates of the rule which requires that the trial judge address the defendant in open court as to each of such matters.

Since we remand for further proceedings we need not reach Del Prete's other contentions concerning alleged improprieties in sentencing.

The judgment of conviction is vacated; the case is remanded for a further hearing at which the defendant must be permitted to enter a new plea.