**Robert Michael YOTHERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1813.**

United States Court of Appeals,
Ninth Circuit.

March 30, 1978.

James C. Dudley, of Cummings, Durkan & McCabe, Seattle, Wash., for appellant.

J. Ronald Sim, U. S. Atty., Seattle, Wash., for appellee.

Before ELY, TRASK and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Robert Michael Yothers appeals from the denial of his 28 U.S.C. § 2255 motion seeking to vacate a sentence previously imposed after a plea of guilty and to allow him to plead again. We vacate the conviction and remand so that Yothers may plead anew.

Yothers was convicted of participating in a conspiracy to import hashish, violations of 21 U.S.C. §§ 952, 963, after entering a plea of guilty. Appellant was arraigned on May 23, 1975, at which time he entered his guilty plea. This plea of guilty was entered by Yothers in return for a representation by the Government that it would not prosecute him on various other related charges. After conviction based on the guilty plea, Yothers was sentenced on June 24, 1975, to five years imprisonment and a special parole term of two years pursuant to 21 U.S.C. § 960(b)(2). On December 30, 1976, Yothers moved the District Court to vacate the sentence and conviction in order to allow him to replead, alleging that his original guilty plea was improperly entered be-

cause of the court's failure adequately to explain the nature and consequences of the special parole term. The District Court, after receiving the report and recommendation of a United States Magistrate to whom the matter had been initially referred, denied appellant's motion. This appeal followed.

■ Rule 11(c)(1) of the Federal Rules of Criminal Procedure requires that before accepting a plea of guilty the trial court must inform the defendant of, and determine that the defendant understands, "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . .." Such disclosure under Rule 11 is mandatory. *United States v. Del Prete,* 567 F.2d 928, 929 (9th Cir. 1978). Section 960(b)(2) of Title 21 of the United States Code, under which Yothers was sentenced, provides for a mandatory special parole term of "not less than two years" if the sentence imposed under that section otherwise provides for imprisonment.[1] In cases involving statutes providing for such mandatory special parole terms, our court has consistently held that Rule 11 requires the defendant to be ap-

prised fully of that fact. *United States v. Del Prete, supra; Bunker v. Wise,* 550 F.2d 1155 (9th Cir. 1977); *Johnson v. United States,* 539 F.2d 1241 (9th Cir. 1976); *United States v. Harris,* 534 F.2d 141 (9th Cir. 1976). In such cases we have held that a defendant must be informed specifically that a special parole term is mandatory whenever imprisonment is otherwise imposed under the same penalty provision, that the special parole term is in addition to the prison term, and that such special parole terms may be imposed for periods in excess of the statutory minimum, as the sentencing court sees fit. *United States v. Del Prete, supra,* at 929.

Here, the entire portion of the Rule 11 examination and explanation covering the penalties that could result from Yothers' guilty plea is contained in the following colloquy:

The Court: And what would be the maximum term of imprisonment?

United States Attorney: That would be a term of imprisonment for five years and a fine of fifteen thousand dollars with a special parole term of two years.

The Court: All right, are you presently on parole or probation?

---

1. 21 U.S.C. § 960 provides:

§ 960. Prohibited acts A—Unlawful acts
(a) Any person who—
 (1) contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance,
 (2) contrary to section 955 of this title, knowingly or intentionally brings or possesses on board a vessel, aircraft, or vehicle a controlled substance, or
 (3) contrary to section 959 of this title, manufactures or distributes a controlled substance,
shall be punished as provided in subsection (b) of this section.

Penalties
(b) (1) In the case of a violation under subsection (a) of this section with respect to a narcotic drug in schedule I or II, the person committing such violation shall be imprisoned not more than fifteen years, or fined not more than $25,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.
 (2) In the case of a violation under subsection (a) of this section with respect to a controlled substance other than a narcotic drug in

schedule I or II, the person committing such violation shall be imprisoned not more than five years, or be fined not more than $15,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall, in addition to such term of imprisonment, include (A) a special parole term of not less than two years if such controlled substance is in I, II, III, or (B) a special parole term of not less than one year if such controlled substance is in schedule IV.

Special parole term
(c) A special parole term imposed under this section or section 962 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. The special term provided for in this section and in section 962 of this title is in addition to, and not in lieu of, any other parole provided for by law.

The Defendant: No, I am not.

The Court: Are you presently serving any sentence?

The Defendant: No, sir.

The Court: After everything stated here, Mr. Yothers, do you still wish to plead guilty sir?

The Defendant: Yes, sir.

The Court: I will accept your plea of guilty.

 The district judge informed Yothers, through the prosecuting attorney present, that the maximum penalty could involve a special parole term of two years.[2] Yothers was not informed of the critical fact that the special parole term of two years was a mandatory minimum, but was, in fact, erroneously led to believe that two years was a maximum.[3] Nor was Yothers reasonably advised that the special parole term was in addition to the prison term, taking effect only after the expiration of normal parole or after mandatory release. *Bunker v. Wise, supra,* at 1158. Accordingly, the District Court failed to comply with the disclosure requirements of Rule 11 in three critical aspects. First, the court failed to advise Yothers that the special parole term of two years was mandatory if imprisonment was otherwise imposed under 21 U.S.C. § 960. Second, the court inadvertently misrepresented the potential duration of the special parole term by leading Yothers to believe that a two-year special term was the maximum, when in fact there does not appear to be an upper limit to the term of special parole, nor the length of imprisonment following its violation. *Bunker v. Wise, supra,* at 1244. These first two judicial mistakes render this case similar to *United States v. Wolak,* 510 F.2d 164 (6th Cir. 1975). There the Sixth Circuit vacated a conviction resting upon a guilty plea because the trial court had failed to indicate that a special parole term was mandatory and had also represented the statutory mandatory minimum term as the maximum term. Third, the court here failed to explain to Yothers the unique nature and consequences of a special parole term. Thus, there was manifest non-compliance with the mandatory disclosure requirements of Rule 11, leaving us no alternative save to set aside the conviction. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Del Prete, supra.*

The judgment of conviction is vacated. Upon remand, Yothers will be allowed, if he still so desires, to enter a new plea.

So Ordered.

---

**2.** We attach no significance to the fact that it was the prosecutor who actually provided the information concerning possible penalties to the appellant. Rule 11 permits such a procedure. *See United States v. Hamilton,* 568 F.2d 1302, 1306 (9th Cir. 1978).

**3.** As we note in the text *infra,* some of our court's prior decisions seem to indicate that there is no upper limit to the possible term of a special parole, nor the length of imprisonment following its violation.