Kenneth R. BELFORD, Petitioner,

v.

Griffin D. BELL, in his capacity as Attorney General of the United States of America and George A. Ralston, in his capacity as Warden of the Federal Correctional Institution at Terre Haute, Indiana, Respondents.

Civ. A. No. 8–72974, Crim. A. No. 6–80230.

United States District Court, E. D. Michigan, S. D.

Feb. 5, 1979.

Richard J. Amberg, Jr., Miller, Amberg & Cristini, P. C., Southfield, Mich., for petitioner.

James K. Robinson, U. S. Atty. by Kenneth R. Haber, Asst. U. S. Atty., Detroit, Mich., for respondents.

## OPINION

FEIKENS, District Judge.

Petitioner, presently imprisoned at Terre Haute, Indiana, pleaded guilty to charges of armed bank robbery and kidnapping in February, 1976, and was sentenced by this court on April 29, 1976. The original sentence of fifteen years on each count to run concurrently was subsequently modified to reflect the imposition of that sentence as a "maximum general sentence" under 18 U.S.C. § 4205(b)(2). Petitioner brought this motion under 28 U.S.C. § 2255 in November, 1978.

In support of his motion to vacate, petitioner alleges that this court failed to comply with the requirements of Rule 11, F.R. Crim.P.,[1] in accepting his plea of guilty.

---

1. Rule 11, F.R.Crim.P., in relevant part, is as follows:

   (c) Advice To Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

   (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

   (2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

   (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

   (4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

   (5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

   (d) Insuring That The Plea Is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willing-

Specifically, petitioner claims the Rule was violated insofar as this court failed to advise him personally in open court of those constitutional rights waived by his plea, and failed to inform him and determine his understanding of the nature of the charge to which he pleaded guilty. Petitioner further claims that his execution of a written "Acknowledgement Of Advice As To Constitutional Rights" fails to cure the alleged insufficiency of the plea-taking procedure.

For the reasons stated below, petitioner's motion is denied.

## I. Petitioner's Understanding of the Nature of the Charge

█ Petitioner's claim that this court did not fully inform him as to the nature of the charges to which he pleaded is belied by the record. The dialogue engaged in by petitioner and the court clearly reveals petitioner's acknowledgement of the nature of his actions and his understanding that these actions which were the basis of the charges were in violation of the law. [Tr. 9–14]

With respect to the bank robbery charge, the facts admitted by petitioner satisfy the elements of the charge as would be presented to a jury. *See, e. g.,* Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 44.01–44.08 (1977). That these facts were not expressly designated "elements" is immaterial, especially in light of petitioner's explicit affirmation that, although he knew that his actions constituted a crime, he intended to, and in fact did, rob the bank. [Tr. 11–12] Petitioner simply cannot now claim meaningfully that, under these circumstances, he did not understand the nature of that charge to which he pleaded guilty.

Similarly, though less extensively, petitioner conceded after describing at length his actions with respect to the bank customer that underlie the kidnapping charge [Tr. 12–15], that he knew at the time of pleading that his actions violated the kidnapping portion of the bank robbery statute.

In sum, a fair reading of the complete transcript, even in retrospect, demonstrates the awareness of petitioner and his counsel of the basis for each of the charges. Petitioner cannot believably be heard to claim that his detailed and knowing admission in open court of the events comprising the bank robbery still left him unaware of the nature of the charges.

## II. Advice to Petitioner of His Constitutional Rights

Petitioner also alleges that this court failed to advise him of some of the constitutional rights enumerated in Rule 11 as the Rule requires this court to do. In particular, petitioner lists the need to be advised of the right to a jury trial, right to counsel, right to confront and cross-examine witnesses, and the right not to incriminate himself. Petitioner also includes a claimed failure to advise him that if he pleaded guilty his statements made under oath at the hearing could later be used against him in a prosecution for perjury or false statement.[2] These claims are inextricably linked with those involving the use of the written "Acknowledgement of Rights" form and, for that reason, are discussed later in this opinion.

█ Petitioner also raises the claim that this court neglected to address him in open court for the purpose of determining that his plea was voluntary and not coerced. As the record indicates, the court spent some time with petitioner establishing his understanding of the proceeding in which he was involved, his appreciation of the consequences of his plea, and his physical and mental competence to plead voluntarily. [Tr. 5–8] Subsequently, the court listened to petitioner narrate in his own words his

ness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

2. Petitioner wisely does not pursue this point in view of the fact that the policy of this court is

not to place defendants under oath at this proceeding, thus obviating the immediate need for such an instruction. This general advice, nevertheless, is given in the written acknowledgement form. See discussion, *infra,* and Appendix.

view of the events of the day in question. [Tr. 9–15] The plea-taking proceeding itself, and these two aspects in particular—that is, the direct questions related to petitioner's competence and understanding and petitioner's own narrative—permit the court to observe a defendant throughout the proceeding, paying special attention to his demeanor and attitude. While no method of examination is foolproof, the procedure used here is a product of long experience in the trial court and has proven successful as a means of detecting confusion or coercion. The finding of this court at the conclusion of the plea-taking was that petitioner's plea was both voluntary and informed. [Tr. 15] Petitioner has offered no evidence or argument that compels a different judgment.

### III. The "Acknowledgement of Rights" and Compliance with Rule 11

■ A document, entitled "Defendant's Acknowledgement Of Advice As To Constitutional Rights" ("Acknowledgement of Rights"), has been in use by some of the judges of this district court on a voluntary basis for some four years.[3] Petitioner claims that the use of this document in his case did not cure the alleged "deficiencies" in the plea-taking procedure. The foregoing discussion makes clear, however, that no such deficiencies have been established. Thus, petitioner's claim rests on the single ground that the advice regarding his right to a jury trial, right to counsel, right to confront and cross-examine witnesses, and the right not to incriminate himself did not comply with Rule 11 solely because the advice was conveyed in the "Acknowledgement" signed by petitioner and his attorney rather than delivered orally during the tak-

ing of his plea. In light of the goals and purposes of the Rule, especially when viewed in the context of the realities of the plea-taking process, this court cannot agree.

The use of the "Acknowledgement of Rights" is one aspect of a larger issue concerning the manner of compliance with Rule 11 necessary to guarantee the validity of a guilty plea. Contrary to the implication arising from petitioner's assertions, the written form itself is not per se a violation of Rule 11. As stated by the court in *United States v. Del Prete,* 567 F.2d 928, 930 (9th Cir. 1978), use of the form is a "proper procedure" which may be of "substantial assistance" in ensuring petitioner's understanding of the plea and its consequences, so long as it is not used as a *substitute* for the personal inquiry required by the Rule.[4] Thus, an attempt by a court to accept a guilty plea on the basis of a written form *in lieu of* an oral inquiry would fail the Rule 11 requirements; such a procedure has not been adopted, nor contemplated, by this court. The relevant issue is the extent to which this court may rely on petitioner's execution of the "Acknowledgement of Rights" introduced into the proceedings by direct reference and affirmed by petitioner in all respects, as evidence of his understanding and awareness of the constitutional rights enumerated therein sufficient to establish the validity of his plea under Rule 11. The position of this court is that the procedure employed in this case, as a matter of actual practice and policy, enhances defendant's awareness of constitutional rights.

The purposes of Rule 11 are authoritatively stated by the United States Supreme

---

3. The "Acknowledgement of Rights" is attached as an appendix to this opinion. An identical form was executed by petitioner and his attorney on February 25, 1976.

4. *See also Kloner v. United States,* 535 F.2d 730, 734 (2d Cir. 1976), *cert. denied,* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976).

   [C]ourts would be well advised to adopt practical measures such as the preparation of specific instructions designed to eliminate any basis for a claim of noncompliance with

Rule 11. A simple procedure that has been successfully used by some judges is to prepare and distribute to the defendant and his counsel in advance of the entry of the guilty plea a written outline of the rights being waived, which is then read and signed by the defendant, accompanied by a signed certificate by his counsel stating that he has explained the contents to his client.
   *But cf. United States v. Journet,* 544 F.2d 633 (2d Cir. 1976).

Court in *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969).

First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.

The Court shed further light on its intentions, stating that its holding in *McCarthy* "will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the record is inadequate." *McCarthy, supra,* 394 U.S. at 472, 89 S.Ct. at 1174. Failure to comply with Rule 11 requires that a defendant be given the chance to plead anew. *Id.,* at 471–72, 89 S.Ct. at 1166.

As noted earlier, a review of the hearing transcript establishes its adequacy as grounds for the court's conclusion that petitioner's plea was tendered voluntarily. In addition, the statement signed by petitioner that his decision to plead guilty was "freely and voluntarily made" confirms that judgment. The complete record in this case amply fulfills the goals of enabling the trial court to determine voluntariness and producing a record of all the factors relevant to that determination.

Courts have found violations of the Rule where a defendant's Rule 11 "rights" have been misstated or omitted altogether from the plea proceedings. For example, the failure of the trial court to advise defendant of the mandatory special parole term may violate the requirement that defendant be informed of the minimum and maximum penalties possible. *See United States v. Wolak,* 510 F.2d 164 (6th Cir. 1975); *United States v. Del Prete, supra,* 567 F.2d 928 (9th Cir. 1978); *Yothers v. United States,* 572 F.2d 1326 (9th Cir. 1978). Other cases have involved a trial court's failure to advise the defendant of his right to confront and cross-examine witnesses, *United States v. Adams,* 566 F.2d 962 (5th Cir. 1978), failure to ascertain that the defendant understands the charge, *United States v. Aldridge,* 553 F.2d 922 (5th Cir. 1977), or failure to inform him of some combination of Rule 11 rights, *see United States v. Journet,* 544 F.2d 633 (2d Cir. 1976).[5]

A misstatement of the terms of conviction or an utter failure to advise defendant of his constitutional rights poses a threat to the plea's validity severe enough to warrant a new plea, particularly where the alleged deficiency calls into question the completeness of defendant's understanding. Withholding, even inadvertently, information crucial to the decision to plead rather than stand trial produces an uninformed and ill-considered plea which, as a matter of policy, ought not to form the basis of a conviction and sentence.

These considerations are not present, however, in this situation where petitioner acknowledged orally that he had been previously advised as to all pertinent Rule 11 rights [Tr. 6–7] and his written "Acknowledgement" forms a part of the complete record of the plea proceeding.[6] Petitioner's complaint goes not to any real deprivation or lack of opportunity to explore the conse-

---

5. *But see United States v. Saft,* 558 F.2d 1073 (2d Cir. 1977) (failure to inform defendant of one or two Rule 11 rights not requiring remand on basis of remaining record); *United States v. Michaelson,* 552 F.2d 472 (2d Cir. 1977) (similar); *Benson v. United States,* 552 F.2d 223 (8th Cir. 1977) (trial court complying with 11(f) in accepting plea even without questioning as to each element of the offense); *United States v. Lambros,* 544 F.2d 962 (8th Cir. 1976) (failure to advise defendant of possibility of enhanced punishment not warranting reversal).

6. It is true that *United States v. Adams,* 566 F.2d 962 (5th Cir. 1978), also involved the use of a written form, *id.,* at 966. But, aside from the fact that the Fifth Circuit's opinion is not binding on this court, the subsequent en banc decision in *Keel v. United States,* 585 F.2d 110 (5th Cir. 1978) abandoning a per se rule like that employed in *Adams* substantially impairs the authority of that decision.

quences of his decision, but must rely solely on the point that the court did not recite a Rule 11 litany during the plea proceeding. The intention of this court to respond to the purposes of Rule 11 as construed in *McCarthy* requires rejection of petitioner's attempt to elevate form over substance.[7] The use of both the oral inquiry and the written document is designed to assure, so far as possible, the necessary awareness and understanding of all defendants pleading guilty before this court.

This court finds that the "Acknowledgement of Rights" performs a vital service. This court is not blind to the realities of the plea-taking process. Temptation confronts a defendant to conclude the proceedings as rapidly as possible whether from a desire to put the episode behind him, or perhaps to suffer as lightly as possible the humiliation and pain incident to arrest and conviction. Given this impetus against real comprehension, and the consequent likelihood that a defendant may not wholly understand his predicament, the duty of the trial court is to maximize the defendant's opportunities for reflection, consideration, and discussion with counsel of the available options as well as the consequences.

Underlying this conclusion is the belief that supplementing an oral colloquy with the written "Acknowledgement of Rights" increases the impact of this information on the defendant. This combined approach is important; either an oral or written presentation alone does not wholly satisfy this court. There is a danger that a strictly oral presentation of defendants' rights and their subsequent oral waiver will soon slip into performance by rote despite the interest of the examining court in making an accurate determination of each defendant's understanding and awareness. The desire to conclude the process quickly may lead even a confused defendant to offer all the "right" (or right-sounding) answers, not to mention the possibility of counsel's instructions to that effect.[8] Consequently, the signed acknowledgement is additional evidence that the court has given the defendant the opportunity to reach his decision rationally and voluntarily.

Finally, the Court in *McCarthy* showed some concern over reducing the number of frivolous appeals based on alleged Rule 11 violations. *McCarthy, supra,* 394 U.S. at 472, 89 S.Ct. 1166. But the imposition of a rigid, universal procedure like that suggested by petitioner is likely to increase, rather than decrease, the number of inadvertent errors which in turn will form the basis of the § 2255 appeals that inevitably will result.

### IV. *Conclusions*

After carefully reviewing petitioner's complaint, this court concludes that it must be denied. Upon reflection on the relevant concerns and its own experience in this field, this court has again been convinced of the value of this procedure it successfully employs, believing fully that the requirements and purposes of Rule 11 are being fulfilled as a result. The petitioner's motion to vacate is denied.

7. The words of Judge Friendly of the Second Circuit are instructive in this respect:
   [T]he Rule does not say that compliance can be achieved only by reading the specified items *in haec verba*. Congress meant to strip district judges of the freedom to decide *what* they must explain to a defendant who wishes to plead guilty, not to tell them precisely *how* to perform this important task in the great variety of cases that would come before them. While a judge who contents himself with literal application of the Rule will hardly be reversed, it cannot be supposed that Congress preferred this to a more meaningful explanation, provided that all specified elements were covered.
   *United States v. Saft,* 558 F.2d 1073, 1079 (2d Cir. 1977) (emphasis in the original).

8. Obviously, counsel bent on giving such advice will not be prevented from doing so by this written form. Still, the requirement that counsel sign an acknowledgement that he or she has advised defendant of the rights listed in the form may have some prophylactic effect on the future behavior of counsel in this court, and certainly gives the court reason to examine counsel's future representation more closely.

APPENDIX—OPINION (Belford)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

Criminal Action
No. _____

· Defendant.

---

DEFENDANT'S ACKNOWLEDGEMENT OF ADVICE AS TO CONSTITUTIONAL RIGHTS

I, _____, the defendant in the above entitled cause, have read and fully understand the following statement.

I have received and read a copy of the Indictment or Information and understand the nature of the charges made against me. I know what the maximum penalties are to the charges in the Indictment or Information.

I know that I have a constitutional right to have an attorney represent me at every stage of the proceedings in this case, and to give me advice and counsel regarding everything connected with this case. I understand that if I cannot afford an attorney one will be appointed to represent me.

I understand that I have a right to plead not guilty, and to persist in that plea if it has already been made.

I understand that *if I plead not guilty* to any count or counts in the Indictment or Information:

(a) I would be presumed under the law to be innocent of the charges against me in such count or counts;

(b) I would be entitled to a speedy, public trial by an impartial jury in which the burden would be upon the Government to establish my guilt beyond a reasonable doubt to the satisfaction of all twelve jurors;

(c) Upon such trial: (1) I would be entitled to remain silent and no inference could be drawn against me because of my silence; (2) I could, if I wished, testify on my own behalf; (3) I would be entitled to confront and cross-examine all witnesses against me; (4) I would be entitled to compulsory process of the court to obtain witnesses to testify and evidence to be offered in my defense; and (5) I would be entitled to the assistance of counsel.

I understand that *if my plea of guilty to any count or counts is accepted* by the court, I give up the foregoing rights with respect to such count or counts and the court will have the same power to sentence me as if a jury had brought in a verdict of guilty with respect to such count or counts.

I understand that if I plead guilty, the court may ask me questions about the offense to which I have pleaded, and if I answer these questions under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or false statement.

I understand that if my plea of guilty is offered pursuant to a Rule 11 Arrangement I expressly consent to the consideration by the Court of my pre-sentence report prior to acceptance of the plea.

My decision to plead guilty is freely and voluntarily made. I have not been induced to plead guilty to any count by any promises or by any statement that I would receive leniency, a lesser sentence, or any other consideration if I pleaded guilty in-

stead of going to trial. I have not been induced to plead guilty by any threats, force, coercion, pressure or fear.

I am pleading guilty because I believe that I am guilty.

I know that I have a constitutional right not to make any statement regarding this case and to have an attorney to advise me before I would make any statement. I know that any statement obtained by the authorities from me in violation of my constitutional rights as explained in this paragraph could not be used as evidence against me in court at the trial of this case. Any statement that I may have made to the police or to any Government agent or attorney about this case was made freely and voluntarily by me after I was fully advised of my right not to make a statement and my right to have an attorney.

I know I have a constitutional right against unreasonable searches and seizures of property or evidence and that the court would not allow any evidence seized in violation of this right to be used in court against me at the trial of this case. I do not believe that there has been any violation of my right against unreasonable search and seizure.

I am not under the influence of any substance, such as narcotics, drugs, pills, medicine or alcohol, that would affect my ability to understand the nature and consequences of my action in pleading guilty.

_____
Signature of Defendant

I, the attorney for the above-named defendant, have reviewed the foregoing with him, have explained to him the nature of the charges against him, his constitutional rights, and the punishment that could be imposed upon his guilty plea. I have also advised him that in my opinion he does not have any meritorious defense to the count or counts to which he is pleading guilty and that his constitutional rights have not been violated.

The defendant appears to me to be sane and competent to stand trial. To my

knowledge, he is not under the influence of any narcotics, drugs, pills, medicine, alcohol, or any other substance such as to prevent him from understanding the nature and consequences of his action in pleading guilty or to prevent him from freely and voluntarily choosing to enter a plea of guilty.

_____
Signature of Attorney

Dated: _____