**STATE of Iowa, Appellee,**

v.

**Timothy John KIRCHOFF, Appellant.**

No. 89–63.

Supreme Court of Iowa.

March 21, 1990.

Scott A. Sobel, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., James A. Smith, County Atty., and Daniel Voogt, Asst. County Atty., for appellee.

McGIVERIN, Chief Justice.

Timothy John Kirchoff, the defendant, pleaded guilty to two aggravated misdemeanor charges. The district court accepted the pleas, entered judgments of conviction, and pronounced sentence on the judgments. On appeal, Kirchoff challenges both the convictions and the sentences. Because we find no error in either, we affirm.

I. *Background facts and proceedings.* Kirchoff was charged by trial information with the offense of carrying weapons, in violation of Iowa Code section 724.4 (1987), and the offense of operating a motor vehicle while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2(2)(b) (1987). Both offenses are aggravated misdemeanors. *See* Iowa Code § 724.4 (a person who goes armed with a dangerous weapon concealed on or about the person commits an aggravated misdemeanor); Iowa Code § 321J.2(2)(b) (a person who operates a motor vehicle while legally intoxicated, second offense, commits an aggravated misdemeanor).

On October 13, 1988, Kirchoff completed and signed a separate written "petition to plead guilty" to each charge. Among other things, the petitions stated the maximum punishment for Kirchoff's offenses and contained detailed recitations of his legal rights. Next to each paragraph was a blank space for Kirchoff to check, presumably after he had read the paragraph. It appears that Kirchoff was represented by counsel when he completed and signed the petitions, although his attorney signed only one of the two forms. Kirchoff's petitions to plead guilty are reproduced in Appendices A and B, attached to this opinion.

The same day, Kirchoff appeared before the district court to enter his pleas. Kirchoff's attorney was present.[1] The pro-

ceeding was a joint one, in which Kirchoff appeared simultaneously with three other defendants who intended to enter pleas of guilty to OWI charges pending against them. Like Kirchoff, these defendants had completed and signed petitions to plead guilty to their charged offenses.

The transcript of the joint plea proceeding shows that the district court addressed the defendants collectively at times. At these points the transcript attributes responses to "THE DEFENDANTS," without specifying whether Kirchoff joined in the responses. The court did address Kirchoff individually concerning the factual basis for his pleas, and at these points the transcript attributes responses to Kirchoff individually. The court accepted Kirchoff's guilty pleas.

No motion in arrest of judgment was ever filed by Kirchoff. A presentence investigation was prepared. On December 15, Kirchoff was sentenced on both convictions. His notice of appeal was timely and properly filed.

On appeal, Kirchoff argues that his pleas of guilty must be set aside because of defects in the plea proceeding under Iowa Rule of Criminal Procedure 8(2)(b). In the alternative, he seeks resentencing, arguing that the district court failed to comply with Iowa Rule of Criminal Procedure 22(3) when sentencing him. We find no error and, therefore, affirm the convictions and sentences. In doing so, we reconsider and partially overrule our decision in *State v. Fluhr,* 287 N.W.2d 857 (Iowa 1980).

II. *Preservation of error in the plea proceeding.* The threshold question is whether Kirchoff's failure to challenge the plea proceeding by a motion in arrest of judgment precludes his challenge of the plea proceeding on appeal.

Iowa Rule of Criminal Procedure 23(3)(a) provides, in relevant part, that "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude his or her right to assert such challenge on appeal." Such

---

1. Kirchoff retained new counsel for this appeal.

a motion "must be made not later than forty-five days after [the] plea of guilty ... but in any case not later than five days before the date set for pronouncing judgment." Iowa R.Crim.P. 23(3)(b). Rule 23(3)(a) must be read in conjunction with Iowa Rule of Criminal Procedure 8(2)(d) which states that:

> The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.

See State v. Worley, 297 N.W.2d 368, 370 (Iowa 1980).

In Worley, the defendant learned from his counsel that he could file a motion in arrest of judgment, but no one explained to the defendant the consequences of failing to do so. Id. We wrote:

> No defendant ... should suffer the sanction of rule 23(3)(a) unless the court has complied with rule 8(2)(d) during the plea proceedings.... Where the trial court informs the defendant of this procedural requirement, we will not hesitate to preclude challenges to plea proceedings on appeal. But where ... the court fails to personally inform the defendant that he may file a motion in arrest of judgment *and* the consequences of failing to do so, rule 23(3)(a) does not preclude our review.

Id. (citations omitted). We held that Worley could challenge the plea proceeding on appeal, despite his failure to do so by a motion in arrest of judgment. Id.

As was true in Worley, in this case the district court did not adequately explain rule 23(3)(a) to the defendant. Kirchoff's written petitions to plead guilty stated that Kirchoff understood "that [by] seeking immediate sentencing [he was] waiving [his] right to attack this guilty plea by filing a Motion in Arrest of Judgment...." The district court also addressed this issue at the plea proceeding:

> THE COURT: All right. You understand by your plea of guilty you're waiving your right to attack this plea in a Motion in Arrest of Judgment?
>
> THE DEFENDANTS: Yes.

In Kirchoff's case, these statements were incorrect. Unlike the other defendants at the joint plea proceeding, Kirchoff's guilty pleas did not effectively waive his rights under rule 23(3)(a) because he was not granted immediate sentencing. A presentence investigation report was prepared, and Kirchoff was not sentenced until over two months after his pleas of guilty. Cf. State v. Taylor, 301 N.W.2d 692 (Iowa 1981) (court's statement to defendant that immediate sentencing would preclude defendant from challenging legality of guilty plea, and defendant's acknowledgement, worked waiver of defendant's rights under rule 23(3)(a) where defendant was sentenced immediately and later sought to challenge guilty plea on appeal).

We conclude that under these circumstances, rule 23(3)(a) does not preclude our review of Kirchoff's plea proceeding.

III. *The adequacy of the plea proceeding under Iowa Rule of Criminal Procedure 8(2)(b).* Kirchoff contends that his pleas of guilty must be set aside because of defects in the plea proceeding. His argument is simple: the court failed to inform him of the matters enumerated in Iowa Rule of Criminal Procedure 8(2)(b), in the manner prescribed by that rule.

Iowa Rule of Criminal Procedure 8(2)(b) provides:

> *b. Pleas of guilty.* The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis.
>
> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) The nature of the charge to which the plea is offered.
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute de-

fining the offense to which the plea is offered.

(3) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.

(4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious misdemeanor.

The purpose of rule 8(2)(b), as suggested by its first paragraph, is to ensure that guilty pleas are made voluntarily, intelligently, and with a factual basis. Strict compliance with the rule's literal language practically assures that a plea of guilty thereafter accepted is made voluntarily, intelligently, and with a factual basis. Nevertheless, the rule does not establish a litany that must be followed without variation before a guilty plea may be accepted. Substantial compliance with the rule is all that is required. *See, e.g., State v. Smothers,* 309 N.W.2d 506, 508 (Iowa 1981).

■ At the joint plea proceeding, the district court did not discuss the mandatory minimum and maximum punishment for Kirchoff's offenses. The court also did not discuss Kirchoff's constitutional trial rights. Kirchoff's petitions to plead guilty, however, fully explained these matters. The petitions were completed and signed by Kirchoff prior to the plea proceeding, Kirchoff was represented by an attorney throughout, and the district court satisfied itself on the record that Kirchoff and the other defendants at the joint plea proceed-

ing had read, understood, and freely signed their petitions prior to coming into court to enter their pleas.

This court has previously considered whether a written plea form may be used to inform a defendant of the matters enumerated in Iowa Rule of Criminal Procedure 8(2)(b). Our opinion in *State v. Fluhr,* 287 N.W.2d 857 (Iowa 1980), suggests that enumeration of those matters in a written plea form can under no circumstances satisfy the rule.[2] Considering the language of the rule, we stated:

> [T]he subject matter of the personal address [required by the rule] should be each of the enumerated items which the rule requires that the defendant understand, and the mode for determining the defendant's understanding should be a personal address.

*Id.* at 862. Thus, the court held that Iowa Rule of Criminal Procedure 8(2)(b) prescribes not only *what* must be explained to a defendant before accepting a plea of guilty, but also *how* that information must be imparted to the defendant. Three justices dissented and would have held that the written plea, signed by the counselled defendant and acknowledged in open court, satisfied rule 8(2)(b). *Id.* at 870–71 (Harris, J., dissenting).

We now reconsider the position taken in *Fluhr.* In this case, Kirchoff does not even claim that his pleas of guilty were involuntary, unintelligent, lacking factual basis, or in any other respect taken in violation of the United States or Iowa Constitutions. His argument is that under *Fluhr,* the mere fact that the court informed him of his rights and the possible punishment for his offenses by use of written plea forms—instead of orally—requires automatic reversal. We do not believe that rule 8(2)(b) should be so woodenly construed.

---

**2.** *Fluhr* has not always been read to stand for the broad proposition that a written plea form cannot satisfy rule 8(2)(b). In *State v. Mensah,* 424 N.W.2d 453 (Iowa 1988), we affirmed a conviction entered after a written plea of guilty despite the defendant's argument that *Fluhr* required that we set aside his plea. We distin-

guished Mensah's case from *Fluhr,* saying that in *Fluhr* neither the written plea form nor the oral plea colloquy satisfied rule 8(2)(b), whereas Mensah's written plea coupled with his affirmation of the plea at sentencing satisfied the rule. *Id.* at 454–55.

The record in this case shows that the court addressed Kirchoff in open court, thereby satisfying itself that Kirchoff was entering his pleas voluntarily and that the pleas had a factual basis. By reference to the signed petitions to plead guilty, the court determined that the pleas were entered intelligently in the sense that Kirchoff had been informed of, and understood, the matters listed in rule 8(2)(b). Kirchoff was represented by an attorney throughout. Under these circumstances, the written petitions to plead guilty and the in-court colloquy complemented one another. There is no reason to believe that Kirchoff's understanding of his situation was undermined by use of the completed, signed, and acknowledged petitions to plead guilty. Quite the opposite is probably true. *See Fluhr*, 287 N.W.2d at 871 (Harris, J., dissenting).

We conclude that when Kirchoff's petitions to plead guilty were introduced into the plea proceeding by direct reference and affirmed and acknowledged by Kirchoff in open court, substantial compliance with rule 8(2)(b) was achieved. Kirchoff will not be allowed to plead anew merely because he was informed of the matters listed in rule 8(2)(b) in writing instead of orally.[3] *Fluhr* is overruled to that extent. *See id.* at 862–65.

■ Kirchoff also argues that his guilty plea must be set aside because the transcript of the plea proceeding attributes some responses to the defendants jointly, rather than to him specifically. In the language of rule 8(2)(b), Kirchoff asserts that in this respect the transcript shows that the court did not "address the defendant personally in open court."

We cannot agree. Whereas Kirchoff argues that we must conclusively presume that he did not join in the responses attributed in the transcript to the defendants jointly, we think it far more likely that he did. Kirchoff does not contend that he, in fact, did not join in those responses, and the record would not support such a contention. Kirchoff, while represented by an attorney, completed and signed the petitions to plead guilty. The same attorney was present during the plea proceeding, at which Kirchoff and the other defendants acknowledged that they had read, signed, and understood their written petitions. Under these circumstances, we refuse to speculate that Kirchoff did not join in the responses attributed to the defendants jointly when all indications are that he did.

The district court substantially complied with rule 8(2)(b). A better record would have been made, however, if each defendant had been required to respond individually to the court's questions. We recommend that procedure be used whenever guilty pleas are taken at a joint proceeding.

IV. *The validity of the sentences under Iowa Rule of Criminal Procedure 22(3).* Kirchoff next asserts that even though his convictions be affirmed, his case must be remanded for resentencing due to defects in the sentencing proceeding. He contends that the sentencing proceeding was fatally defective because the district court failed to state on the record its reason for selecting the particular sentence imposed and, in addition, failed to advise him that timely and proper notice of appeal is a jurisdictional prerequisite to appeal. *See* Iowa R.Crim.P. 22(3)(d) (court shall state on the record its reason for selecting

---

3. Our conclusion that Kirchoff's petitions to plead guilty adequately informed him of the matters listed in rule 8(2)(b) is consistent with at least one reported decision under the analogous federal rule. In *Belford v. Bell,* 471 F.Supp. 579 (E.D.Mich.1979), Belford sought vacation of his guilty plea through collateral attack under 28 U.S.C. § 2255. Belford's claim was that the court's advice to him concerning his constitutional trial rights did not comply with Federal Rule of Criminal Procedure 11 (requiring that court personally address defendant and inform defendant of constitutional tri-

al rights) solely because the advice was conveyed in a form signed by him and his attorney, rather than delivered orally during the plea proceeding. *Id.* at 582. The court held that the use of the written form, signed by Belford and acknowledged by him in open court, satisfied federal rule 11. *Id.; but see United States v. Del Prete,* 567 F.2d 928, 930 (9th Cir.1978) (written document cannot satisfy rule 11, "which requires that the trial judge address the defendant in open court as to each of [the matters listed in rule 11].").

particular sentence imposed on defendant); Iowa R.Crim.P. 22(3)(e) (court shall advise defendant of statutory right to appeal and related filing requirements).

■ Kirchoff's appeal was timely and properly filed in the manner prescribed by our rules of criminal procedure. Any error or omission in advising him of the necessity of timely and proper filing, therefore, was harmless. Kirchoff's sentences need not be vacated because of it. *Cf. State v. Matlock*, 304 N.W.2d 226 (Iowa 1981) (court's failure to satisfy Iowa R.Crim.P. 22(3)(d) by stating reasons for sentence imposed was harmless error, where court imposed minimum sentence possible under statute).

■ Kirchoff's contention that the district court failed to state on the record its reason for selecting the sentence imposed on him is also without merit. The transcript of Kirchoff's sentencing proceeding is, in part, as follows:

THE COURT: County Attorney's office wants to put you in jail, but I'd kind of like to wait and see whether or not you can straighten your own life out.

MR. KIRCHOFF: Okay, sir.

THE COURT: Do you understand that?

MR. KIRCHOFF: Yes, sir.

THE COURT: So what I'm going to do is put—let's see—I'm going to put you on probation. I'm sending you to the Fort [Des Moines Residential Facility]; aren't I?

MS. ODELL [defendant's counsel]: Uh-huh.

THE COURT: Give you 60 days in jail, send you to the Fort for maximum benefits, and these will be run consecutive, which means if you mess up at the Fort you'll end up going to jail for four years. Do you understand that?

MR. KIRCHOFF: Uh-huh.

THE COURT: I'm trying to give you some kind of break to get your life straightened around, to show you this is no game you're playing here.

The court then sentenced Kirchoff to two consecutive terms of sixty days in jail, which were suspended, and Kirchoff was placed on probation for two years on each charge. As a condition of probation, Kirchoff was ordered to reside at the Fort Des Moines Residential Facility until maximum benefits had been achieved. The court also ordered that Kirchoff's driver's license be revoked, with all costs taxed to Kirchoff. *See* Iowa Code ch. 901 (sentencing procedures); Iowa Code §§ 903.1 (maximum sentence for misdemeanants), 321J.2(2)(b) (minimum sentence for OWI, second offense), 321J.4 (driver's license revocation); Iowa Code ch. 907 (suspended sentence and probation).

In *Matlock*, we stated that "[t]he main purpose of the requirement in rule 22(3)(d) that a court state its reason for a particular sentence is to allow us to review the sentence to determine if there has been an abuse of discretion." *Matlock*, 304 N.W.2d at 228. The statement may be sufficient, even if terse and succinct, so long as its brevity does not prevent review of the exercise of the trial court's discretion. *See, e.g., State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). Where the record shows that the sentencing court exercised its discretion, this court will not interfere with an otherwise valid sentence "unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983) (internal quotation omitted).

The district court satisfied rule 22(3)(d) in this case. As the State points out, the record shows that the primary reason for the sentence imposed on Kirchoff was the court's hope that Kirchoff would be able to rehabilitate himself through placement in a residential facility and probation, without imposition of an extended jail term. The record also suggests that the court meant to protect society by holding the possibility of an extended jail term in reserve, in case Kirchoff failed to abide by the terms of his probation. Kirchoff could have been imprisoned for up to two years and fined up to $5,000 on each aggravated misdemeanor conviction. *See* Iowa Code § 903.1(2).

Because the record is sufficient to show that the court properly exercised its discretion and stated reasons in sentencing Kirchoff, rule 22(3)(d) was satisfied. Kirchoff is not entitled to be resentenced.

V. *Disposition.* Because we find no error in either the plea or sentencing proceedings, we affirm the convictions and sentences.

AFFIRMED.

All Justices concur except NEUMAN, J., who dissents and is joined by LARSON, LAVORATO and SNELL, JJ.

## APPENDIX A

IN THE DISTRICT COURT OF THE STATE OF IOWA IN AND FOR POLK COUNTY

STATE OF IOWA,
          PLAINTIFF                    CRIMINAL NO. 40039

VS                                     PETITION TO PLEAD GUILTY

_Timothy Jon Kirchoff_                 CHARGE: Carrying Weapons
          DEFENDANT
                                       ( AGGRAVATED MISDEMEANOR

1. I am charged in my true name;

2. I understand the nature of the charge against me;

3. I wish to plead guilty to this charge;

4. I understand that under law I am innocent until proven guilty; and that the state has to prove my guilt beyond a resonable doubt;

5. I understand that I have a right to a trial by jury and a right to be represented by an attorney at that trial;

6. I understand that if I cannot afford an attorney to represent me, the Court will appoint one and the state will pay all costs incurred;

7. I understand that I have a right to hear the evidence against me from the witnesses and subject these witnesses to cross-examination;

8. I understand that I may testify to my defense, or that I may refuse to testify and that my refusal will not reflect upon my guilt or innocence;

9. I understand that I have the right to produce witnesses and have them testify in my behalf, and that I can compel them to appear at trial, either voluntarily or involuntarily;

10. I understand that if I plead guilty, I am giving up all of these rights;

11. I understand that the maximum sentence for the above charge is imprisonment for not more than two(2) years, or a fine of not more than $5,000, or both;

12. I was of sound mind at the time the crime was committed and am of sound mind now;

13. There have been no promises or threats made to get me to plead guilty and I understand this Court may sentence me up to the maximum provided by the law;

14. I am knowingly and intelligently pleading guilty to the above charge because I am guilty;

15. I understand that if I should receive a deferred judgment or suspended sentence and I have not told the Court of any previous convictions I may have had, this would be grounds for revocation of my probation;

16. I understand that seeking immediate sentencing I am waiving my right to attack this guilty plea by filing a Motion in Arrest of Judgment pursuant to Rule 23(3) of the Iowa Rules of Criminal Procedure;

17. I did the following acts to commit this crime: _Carried A Machette Knife In. Truck_

I ask the Court to accept my plea of guilty.

          Dated this __17__ day of __Oct__, 19_88_.

                              _____
                              DEFENDANT

                              _____
                              ATTORNEY FOR DEFENDANT

                              _____
                              JUDGE

## APPENDIX B

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

STATE OF IOWA

    PLAINTIFF

vs.

    TIMOTHY JON KIRCHOFF

    DEFENDANT

CRIMINAL NO. OM-23434

PETITION TO PLEAD GUILTY

CHARGE: OWI - 2nd
(Aggravated Misdemeanor)

1. I am charged in my true name, I understand the nature of the charge against me, and I wish to plead guilty.

2. I understand that under the law I am innocent until proven guilty, and that the State has to prove my guilt beyond a reasonable doubt.

3. I understand

    a. that I have a right to a speedy trial by jury, and a right to be represented by an attorney at that trial;

    b. that if I cannot afford an attorney, the Court will appoint one for me at the State's expense;

    c. that I have a right to hear the evidence against me from the witnesses and to subject those witnesses to cross-examination;

    d. that I may testify in my own defense, or that I may refuse to testify, and that my refusal will not reflect on my guilt or innocence;

    e. that I have the right to produce witnesses to testify in my behalf, and that I can compel them to appear at trial.

4. I understand that by pleading guilty I give up all these rights.

5. I understand that the minimum sentence for the above charge is a seven hundred fifty dollar fine ($750) and seven (7) days in jail, and that the maximum sentence is imprisonment for not more than two (2) years, a fine of not more than $5,000, or both.

6. At the time of the offense I was not under any mental disability, infirmity, or disease other than the influence of alcohol as charged. I am not now under the influence of any drug, alcohol, or narcotic.

7. There have been no promises or threats made to make me plead guilty, and I understand that this Court may sentence me to the maximum provided by law.

8. I am knowingly and intelligently pleading guilty to the above charge because I am guilty.

9. I understand that if I receive a deferred judgment, deferred sentence, or suspended sentence for the above charge and I have not told the Court of any previous convictions I have had, my probation could be revoked.

10. I hereby waive time, the pre-sentence investigation, and seek immediate sentencing.

11. I understand that by seeking immediate sentencing I am waiving my right to attack this guilty plea by filing a Motion in Arrest of Judgment pursuant to Rule 23(3) of the Iowa Rules of Criminal Procedure.

I did the following act(s) to commit this crime: *Driving under the Influence of Perscription Drugs and Alcohol*

I ask the Court to accept my plea of guilty.

Dated this _15_ day of _October_, 19_78_

_____
DEFENDANT/DEFENDANT'S ATTORNEY

_____
JUDGE OF THE FIFTH JUDICIAL DISTRICT

NEUMAN, Justice (dissenting)

I respectfully dissent.

The directive of Iowa Rule of Civil Procedure 8(2)(b), as interpreted by this court in *State v. Fluhr,* is plain: It is the *court's* duty to inform the defendant of the trial rights being waived upon plea of guilty to a crime more onerous than a serious misdemeanor. One may question the wisdom of such a rule, given the fact that counsel is supposedly retained to impart the same information. Commending the rule, however, is the likelihood that it will pay delayed dividends by reducing postconviction claims of ineffective counsel.

Instead of resolving these opposing views by rule change, the majority has simply rewritten the rule to its liking. Substituting one shortcut for another, the majority excuses the trial court's error and dumps a decade of precedent in the process. I would reverse and remand for the procedure guaranteed this defendant by rule.