STATE of Iowa, Appellee,

v.

Randall S. LUDEMANN, Appellant.

No. 91–683.

Court of Appeals of Iowa.

March 24, 1992.

Linda Del Gallo, State Appellate Defender, and Patricia J. Cone–Fisher, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., and W. Wayne Saur, County Atty., for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Randall Ludemann was initially charged with one count of burglary in the first degree in violation of Iowa Code sections 713.1 and 713.3 and assault while participating in a felony in violation of Iowa Code section 708.3. The charges were based on a complaint in which the alleged victim claimed defendant and a companion broke into his apartment, stole a six-pack of beer, and broke five fishing poles. The victim related that he arrived at his apartment building as the defendant and his companion were leaving; he stated Ludemann pulled a lock-blade knife from his pocket and extended it towards the victim.

After initially entering a not-guilty plea to those charges, Ludemann withdrew his not-guilty plea and entered a no-contest or *Alford* plea to an amended charge of burglary in the second degree with the assault while participating in a felony charge being dismissed. At the plea proceeding the district court asked Ludemann if he understood the burglary charge was a class C felony and asked defendant's attorney if he had had a chance to explain to Ludemann the elements of second-degree burglary. Defendant's attorney indicated he had explained the elements of second-degree burglary to him. Defense counsel stated the district court could rely on the minutes of testimony and indicated the record showed there was substantial evidence for a jury to convict Ludemann on the other charge of assault while participating in a felony. The court accepted the *Alford* plea.

The court asked defense counsel if he would advise the defendant of his rights prior to sentencing, particularly the right to file a motion in arrest of judgment. The court did not specifically inform Ludemann of his right to file a motion in arrest of judgment and the consequences for the failure to file such a motion. The defendant did not file a motion in arrest of judgment.

At sentencing the district court sentenced the defendant to a term of imprisonment not to exceed ten years pursuant to Iowa Code section 902.9. In imposing the sentence, the district court stated it considered portions of the record indicating Ludemann used a knife during the incident. On April 29, 1991, defendant filed a notice of appeal.

Ludemann contends the court (1) failed to make certain he understood the nature of the offense to which he pleaded no contest and (2) erred during sentencing by considering an unprosecuted charge. The State claims Ludemann did not properly preserve error by filing a motion in arrest of judgment.

During Ludemann's plea proceeding the trial court notified him of his right to challenge the proceeding by stating: "Mr. Katsumes [Ludemann's attorney], I would ask you to advise Mr. Ludeman[n] of his rights prior to sentencing, especially the right to file a Motion in Arrest of Judgment." Katsumes answered: "Yes, Your Honor, I believe he understands that." We determine Ludemann is not precluded from appellate review because the court failed to personally inform him of his right to file a motion in arrest of judgment pursuant to Iowa Rule of Criminal Procedure 8(2)(d). *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980). Our standard of review is for corrections of errors at law. Iowa R.App.P. 4.

Iowa Rule of Criminal Procedure 8(2)(b) provides:

> The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis.
>
> Before accepting the plea of guilty, *the court must address the defendant personally in open court and inform the defendant* of, and determine that the defendant understands, the following:
>
> > (1) The nature of the charge to which the plea is offered.... (emphasis added).

On review, only substantial compliance with the rule is required. *State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990).

The nature of the offense was discussed as follows:

> Q. (the court): Do you understand what the charge is, Burglary in the Second Degree, a class C felony as opposed to a Class B felony; do you understand that?
> A. (Ludemann): Yes, I do.
>
> \* \* \* \* \* \*
>
> Q. (the court): Mr. Katsumes, have you had a chance to explain to Mr. Ludeman[n] what the elements of Burglary in the Second Degree are and what the State would have to prove beyond a reasonable doubt. A. (Katsumes): Yes, Your Honor, I believe he understands that.

We find the court did not substantially comply with Iowa Rule of Criminal Procedure 8(2)(b)(1).

 Ludemann's decision to enter a plea did not relieve the trial court of its duty to inform him of the nature of the offense, including the element of specific intent. *See State v. Brown*, 376 N.W.2d 910, 912 (Iowa App.1985) (citations omitted). Additionally, a "court may not abrogate or delegate to anyone, including the attorney for the accused, the duty to determine defendant's knowledge of the charge, appreciation of legal consequences of a guilty plea, whether it is voluntarily entered, or existence of facts supporting it." *State v. Sisco*, 169 N.W.2d 542, 548 (Iowa 1969). The purpose of the trial court's inquiry in a plea proceeding is "to complement a defendant's right of counsel by insuring that the constitutional requisites of a valid plea are satisfied." *State v. Heinen*, 252 N.W.2d 454, 455 (Iowa 1977) (citation omitted).

Substantial compliance does not mean the court can completely abrogate the requirement it personally inform the defendant of his or her rights and the consequences of a guilty plea. Because the court failed to personally and fully inform Ludemann of the nature of the charge against him, his plea cannot stand. *Brainard v. State*, 222 N.W.2d 711, 718 (Iowa 1974). We set aside his *Alford* plea and remand for further proceedings.

Ludemann next contends the sentencing court impermissibly considered that he was originally charged with burglary in the first degree and assault while participating in a felony. Because we remand this case, we do not address this issue. We do note, however, the sentencing court may impose a severe sentence for a lower crime if there is evidence the accused actually committed the higher crime. *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979).

REVERSED AND REMANDED.