STATE of Iowa, Plaintiff–Appellee,

v.

Merv Raymond YARBOROUGH,
Defendant–Appellant.

No. 94–1207.

Court of Appeals of Iowa.

April 28, 1995.

Linda Del Gallo, State Appellate Defender,
and Andi S. Lipman, Asst. State Appellate
Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Jill Pitsenbarger, Asst. County Atty., for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Merv Yarborough was originally charged by trial information with the crime of willful injury in violation of section 708.4 of the Iowa Code. Later, through plea bargain proceedings, he filed a written guilty plea to aggravated assault. In accordance with a "plea agreement" signed by all interested parties, the terms of the sentence were left to the court's discretion. At the sentencing hearing, he was sentenced to a prison term not exceeding two years.

Yarborough appeals. He argues his plea was not entered intelligently or voluntarily because he was never correctly informed of the nature of the charge against him. He does not deny that he failed to challenge the guilty plea proceedings by filing a motion in arrest of judgment. Perhaps he did not do so, because of the following provision that appears in his written "PLEA OF GUILTY AND WAIVER OF RIGHTS" that is a part of the record:

I know that any challenge to a plea of guilty, based on alleged defects in the plea proceedings, must be raised in a motion in arrest of judgment and that failure to raise such challenges shall preclude the right to assert them on appeal. I hereby waive my right to a motion in arrest of judgment.

The defendant and his attorney both signed and swore to the plea petition. In addition, the defendant acknowledged at the sentencing hearing that he signed the guilty plea petition voluntarily after conferring with his attorney.

## I.

■ A challenge to a guilty plea proceeding involving constitutional safeguards requires an independent evaluation of the circumstances as shown by the entire record, which we review de novo. *Kinnersley v. State*, 494 N.W.2d 698, 699 (Iowa 1993);

*State v. Boone*, 298 N.W.2d 335, 337–38 (Iowa 1980). While the circumstances surrounding these proceedings strongly suggest error was not properly preserved, we choose to address the merits of the appeal.

Yarborough contends his guilty plea was not intelligent and voluntary because he did not understand the nature of the charge. He asserts two reasons for his failure to understand. First, Yarborough contends the district court failed to address him personally regarding the specific intent element of the charge for which the plea was being offered. Second, Yarborough contends an error in the plea petition kept him from understanding the elements of the charge. We conclude both of these arguments are without merit.

## II.

■ Yarborough agreed to plead guilty to the reduced charge of assault with intent to inflict serious injury which is an aggravated misdemeanor. *See* Iowa Code § 708.2(1) (1993). In his written guilty plea, Yarborough agreed to the following:

I know that under rule 8 of the Iowa Rules of Criminal Procedure that the court is required to address me and explain my rights to me before accepting my plea. I hereby request and approve the court, in its discretion, waiving the provisions of rule 8 of the Iowa Rules of Crim. P.

In this respect, Iowa Rule of Crim.P. 8(2)(b) provides:

b. Pleas of Guilty. The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered.

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

(3) The defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.

(4) That if the defendant pleads guilty there will not be a further trial of any kinds, so that by pleading guilty the defendant waives the right to a trial.

The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor.

The rule is now clear that a "court may, in its discretion and with the approval of the defendant, waive the procedures in a plea of guilty to a serious or aggravated misdemeanor." Since Yarborough, under the amended trial information, was charged with an aggravated misdemeanor, he could and did waive those procedures enumerated in rule 8.

### III.

Several cases have been directed to our attention that bear on the question before us. In *State v. Fluhr*, 287 N.W.2d 857 (Iowa 1980), our supreme court, in a 5–3 decision with Justice LeGrand concurring specially as to the result reached by the majority but agreeing with much of the dissent, held, among other things, that the use of a written plea of guilty was reversible error. The majority in its summary stated:

> [W]e conclude that trial court failed to comply with the rule's requirements of personally addressing the defendant to inform him of and determine that he understands the nature of the charge, its possible penal consequences and the particular constitutional rights he waives by pleading guilty and of determining that a factual basis for the plea exists.

*Fluhr*, 287 N.W.2d at 868–69.

At the time *Fluhr* came down, rule 8(2)(b) did not have a provision that permitted the waiver of the procedures required in a plea of guilty. Thus, the court held that a written plea of guilty did not satisfy the mandated requirements of rule 8(2)(b). Nonetheless, there was a strong dissent that rule 8(2)(b) "should be taken on its face and applied as it is written." *Fluhr*, 287 N.W.2d at 870 (Harris, J., dissenting). The dissent took the position that "by integrating the written plea into the record as a part of the personal dialogue with the defendant, the trial court also substantially complied with this requirement." *Id.* at 871. The dissent felt that since the written plea was acknowledged in open court it "could be used, not in substitution for, but rather in connection with the rule 8(2)(b) procedure." *Id.* Taken together, the three dissenters felt there was substantial compliance with the requirements of taking guilty pleas.

In *State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990), the majority reconsidered the position taken in *Fluhr*, that a written plea form under no circumstances satisfied rule 8(2)(b), and concluded that if the in-court colloquy sufficiently complimented the statements in the written petition there could be substantial compliance with rule 8(2)(b). The result, insofar as the procedural requirements under rule 8(2)(b) are concerned, is that Kirchoff was not, as a matter of law, permitted to plead anew merely because he was informed of the matters listed in rule 8(2)(b) in writing instead of orally. The important factor in *Kirchoff* is the oral in-court colloquy and the written statement must sufficiently compliment each other so as to bring about substantial compliance with rule 8.

*Kirchoff*, like in *Fluhr*, was a divided court with four justices dissenting. The main thrust of the dissent in *Kirchoff* was that, when finally written, the majority decision was outside of the requirements of rule 8. The dissent contends that the court should follow the requirements of rule 8 as it is written, "[i]nstead of resolving these opposing views by rule change, the majority has simply rewritten the rule to its liking." *Kirchoff*, 452 N.W.2d at 810 (Neuman, J., dissenting).

At the time *Kirchoff* came down, rule 8(2)(b) permitted waivers of the requirements of rule 8(2)(b) in a plea of guilty only to serious misdemeanors. One noticeable problem in *Kirchoff* is that the crime to which the defendant pleaded guilty was an aggravated misdemeanor.

We think the legislature, by adding the provision that the procedural requirements of rule 8(2)(b) can be waived in aggravated misdemeanor cases, resolved the position taken by the dissenters in *Kirchoff*. The rule has now been changed to permit waivers in aggravated misdemeanor cases.

## IV.

■ The defendant first argues that he was not informed of those rights he is entitled to under rule 8. However, a review of the defendant's written plea of guilty confirms each of the procedural requirements of rule 8 are set forth in his written guilty plea. Further, in his written plea, he specifically requested he be granted a waiver of those procedural requirements. His waiver request was granted by the court. Thus, we find no merit in his argument that the court must still address a defendant in open court in order to satisfy itself that a defendant is entering his plea voluntarily and that the plea has a factual basis. Furthermore, defendant's written guilty plea expressly waived the procedural requirements of rule 8(2)(b) which includes a personal address by the court.

The defendant next complains his guilty plea was not intelligent and voluntary in accordance with the constitutional due process because of his alleged lack of understanding of the nature of the offense. We believe that when the record is reviewed as a whole and when we couple the contents of defendant's written plea of guilty with the in-court colloquy, it is established that his guilty plea was entered voluntarily and intelligently.

■ The district court in entering a guilty plea must determine that the plea is (1) made voluntarily and intelligently and (2) has a factual basis. Iowa R.Crim.P. 8(2)(b). The court need only substantially comply with this rule; strict compliance is not required. *State v. Ludemann*, 484 N.W.2d 611, 613 (Iowa App.1992). Substantial compliance is met unless the court's disregard for the requirements of rule 8(2)(b) raises doubt as to the voluntariness of the plea. *Fluhr*, 287 N.W.2d at 864.

The defendant pled guilty to assault with intent to inflict serious injury in violation of Iowa Code sections 708.1 and 708.2 (1993). The factual basis of the offense is not an issue. The defendant complains he did not understand the nature of the charge due to the district court's failure to address him personally concerning the specific elements of the offense. His argument fails in this respect. The record supports the finding the defendant adequately understood the nature of the offense to which he was pleading guilty. When the defendant entered his plea of guilty to assault with intent to inflict serious injury, he had to understand the State was required to prove his specific intent to inflict serious injury.

■ It is not required that the district court discuss each element of the crime with a defendant to ascertain his understanding of the nature of the offense. *See State v. Killpack*, 276 N.W.2d 368, 370 (Iowa 1979). Lack of explanation of an element of offense is not reversible error if, under the circumstances, the accused understood the nature of the charge. *State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981); *State v. Brown*, 376 N.W.2d 910, 911 (Iowa App.1985). In fact, in some situations the name of the offense itself has been held to be sufficiently descriptive. *Id.*

Thus, the issue here is whether the defendant understood the nature of the charge. Defendant asserts he lacked an understanding of the specific intent element, i.e., the intent to inflict serious injury while committing the assault. The defendant, for the most part, bases this contention primarily on the following statement in his written guilty plea:

> I understand that in order to establish my [guilt] of the crime charged, that the State of Iowa would have to prove beyond a reasonable doubt all of the following elements: That in Woodbury County, Iowa, on or about the date stated in the trial information, I did the following: *Commit assault with the intent to inflict bodily injury upon another.*

However, on the next page of the written guilty plea, the following statement appears:

> What I actually did in Woodbury County, Iowa, on or about the date stated in the

trial information was: *Commit assault with the intent to cause ~~bodily~~ [handwritten insertion] serious injury to another.* The correction of the word "bodily" to read "serious" was initialed by the defendant, his attorney, and the prosecutor. The misstatement of the offense appears to have been a typographical error which was corrected. The correction provides strong proof the defendant was aware that the nature of the offense involved is specific intent to inflict *serious* injury rather than bodily injury. It is clear to us the defendant knew why he was making this change.

The description of the offense given in the amended trial information further demonstrates the defendant was aware of the specific intent element of the offense. The amended trial information charged the defendant with aggravated assault, describing the offense as follows:

> The defendant, on or about the 2nd day of May, 1993, in Woodbury County, Iowa, assaulted Jerry Podkovich with the *intent to inflict serious injury,* all in violation of Iowa Code sections 708.1 and 708.2(1).

This description clearly specifies the requisite intent to inflict serious injury. We believe any alleged misunderstanding produced as a result of a typographical error was eliminated by the two attorneys and the defendant correcting the written guilty plea.

Furthermore, during the plea proceeding, the district court asked Yarborough, among other things, if he understood the charge to which he pled guilty, if he understood the plea agreement, if he talked to his attorney about the agreement, if he understood the various defenses he would have if he went to trial, and if he remembered signing the plea agreement. Yarborough answered in the affirmative to all of the questions. He further advised the court he signed the written guilty plea voluntarily and he understood the various defenses that were available to him if the matter proceeded to trial. We conclude from the proceedings the district court substantially complied with rule 8(2)(b) in ensuring Yarborough understood the nature of the charge against him. We find no error.

**AFFIRMED.**