# IN THE COURT OF APPEALS OF IOWA

No. 13-1340
Filed August 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee

**vs.**

**JOHN T. GALBREATH III,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, James D. Birkenholz, District Associate Judge.

A defendant appeals his *Alford* plea to domestic abuse assault enhanced, claiming ineffective assistance of counsel. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael Salvner, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., Tabor, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**TABOR, J.**

John T. Galbreath III filed a petition to enter an *Alford* plea[1] to aggravated misdemeanor domestic abuse assault, in violation of Iowa Code section 708.2A(3)(b) (2013). Not only did Galbreath sign the form petition, but he added his initials beside the following underlined language: "I acknowledge that there is strong evidence of my guilt" and "I understand the nature of the charge against me." The district court signed an order accepting Galbreath's plea, finding he understood the charge and the rights being waived. The court also found, in the words of *Alford*, "strong evidence of Defendant's guilt which substantially negates Defendant's claim of innocence."

Now Galbreath argues his counsel was ineffective for not challenging the plea proceeding. Galbreath contends he was not "fully informed of the elements" of the offense as required by Iowa Rule of Criminal Procedure 2.8(2)(b). Galbreath also asserts nothing in the record indicates "the trial judge exercised his waiver discretion or otherwise discharged his duty" to ensure the plea was entered voluntarily, intelligently, and had a factual basis. Because the record belies Galbreath's claims, we reject his ineffective-assistance claim. Accordingly, we affirm.

## I. Background Facts and Proceedings

Galbreath assaulted his wife on July 7, 2013. It was not the first time. Just a month earlier, he had been convicted of domestic abuse assault. As a

---

[1] Under the authority of *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), a defendant may consent to the imposition of a prison sentence without admitting participation in the crime.

result, the State filed a trial information charging Galbreath with domestic abuse assault, enhanced as a second offense, on July 18, 2013.

Galbreath signed the written petition to enter an *Alford* plea to the aggravated misdemeanor charge on August 6, 2013. The petition proclaimed he had "nothing to gain by going to trial" and "much to gain by pleading guilty." The petition specified, in handwriting, that the substantial benefit for his plea of guilty was "the State will not file/charge the NUMEROUS counts of VNCO [violation of no-contact order]."

Galbreath waived time for sentencing. The next day, August 7, 2013, Galbreath appeared in person with counsel, waived transcription of the hearing, and the district court accepted his guilty plea and entered judgment and sentence.

The court imposed a prison term of two years with all but two days suspended, placed Galbreath on probation for two years, and ordered him to complete a thirty-six week batterers' education program. The term of imprisonment was to be served consecutively to a previously imposed sentence. The court also imposed and suspended a fine of $625 plus surcharge. Galbreath did not file a motion in arrest of judgment. He now appeals.

## II. Analysis of Plea Proceeding

Because Galbreath did not file a motion in arrest of judgment to challenge the alleged defect in his guilty plea proceeding, we can only review his appellate claim as ineffective assistance of counsel. *See State v. Kress*, 636 N.W.2d 12, 19 (Iowa 2001); *see also* Iowa R. Crim. P. 2.24(3)(a). We review ineffective-

assistance-of-counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Galbreath must prove counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement in a plea case, Galbreath must show a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See State v. Straw*, 709 N.W.2d 128, 136 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Generally, we do not resolve ineffective-assistance issues on direct appeal, preferring to leave them for possible postconviction-relief proceedings. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). But we will decide such claims if the record is sufficient to resolve them. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). The record here is sufficient to reach Galbreath's claims challenging his counsel's performance.

Counsel has a duty to ensure the plea colloquy complies with rule 2.8(2)(b). Under that rule, the district court must determine the defendant's plea is voluntary and intelligent and has a factual basis. *State v. Sutton*, ___ N.W.2d ___, ___, 2014 WL 1999061, at *3, (Iowa Ct. App. 2014). The court also must determine the defendant understands, among other things, "the nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(1); *see also State v. Finney*, 834 N.W.2d 46, 53 (Iowa 2013) (citing *Henderson v. Morgan*, 426 U.S. 637, 645–47 (1976), and noting a defendant must subjectively know the necessary elements of the charge for his plea to be knowing and voluntary).

Substantial compliance with the rule will avoid a reversal. *State v. Hightower*, 587 N.W.2d 611, 613–14 (Iowa Ct. App. 1998).

When the crime at issue is a serious or aggravated misdemeanor, rule 2.8(2)(b) affords the plea-taking court

> discretion to waive an in-person colloquy with a defendant, with defendant's approval, so long as a written guilty plea adequately provides the court sufficient information from which the court can make a finding that the plea is voluntarily and intelligently tendered, and that the court finds there is a factual basis for the plea.

*Sutton*, ____ N.W.2d at ___ (interpreting *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004)). The mandate that the accused understand the "nature of the charge to which the plea is offered" can be satisfied by a written guilty plea in the case of an indictable misdemeanor. *Id.*

Galbreath attacks his written plea on appeal, contending it does not show he was informed of the elements of the charge. He argues his attorney was remiss in allowing the plea to go forward without that information. Even where there is a full in-court colloquy, the district court is not required to discuss each element of the crime with the defendant to ascertain his understanding of the nature of the offense. *See State v. Yarborough*, 536 N.W.2d 493, 496 (Iowa Ct. App. 1995). Unexplained elements do not require reversal if, under the circumstances, the record shows the accused understood the nature of the charge. *Id.*

Galbreath's written plea stated he understood the "nature of the charge" against him. Galbreath wrote his initials next to that statement with a red "x" and yellow highlighting, as well as signing, along with his attorney, at the bottom of

the form.[2] The court reviewed Galbreath's signed petition and found the defendant understood the charge. Galbreath does not allege on appeal that he harbored any specific misunderstanding concerning his domestic abuse charge. Nor does he advance any reason why we cannot rely on his signed and initialed petition and the court's order to find substantial compliance with rule 2.8(2)(b).

Moreover, this case falls into the category of crimes where the name given to the offense by the legislature is sufficiently descriptive to enlighten the accused as to the nature of the charge. *See, e.g.*, *State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981) (holding crime of willful injury sufficiently self explanatory). The trial information charged Galbreath with domestic abuse assault enhanced by a previous conviction. That offense is comprised of essentially three elements: (1) an act intended to cause pain or injury to the victim or which was intended to place the victim in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to her, coupled with the defendant's apparent ability to do the act; (2) the defendant and victim were family or household members; and (3) the defendant had been previously convicted of domestic abuse assault. Iowa Code §§ 708.1, 708.2A(3)(b), 236.2(2). The minutes alleged Galbreath hit the victim in the nose, causing her to bleed. In his written plea, he acknowledged being married to the victim and to having a prior conviction—again initialing next to both of these handwritten admissions.

---

[2] Galbreath also stated in his written petition: "I am knowingly and voluntarily asking the Court to accept my plea" and "I acknowledge that there is strong evidence of my guilt."

We are satisfied from reviewing the written record that the district court was justified in determining Galbreath understood the nature of the offense. Counsel had no duty to object when the plea proceedings substantially complied with rule 2.8(2)(b). *See State v. Hochmuth*, 585 N.W.2d 234, 238 (Iowa 1998) (counsel cannot be ineffective for failing to pursue meritless issue).

It is not clear from Galbreath's brief whether he is raising a separate ineffective-assistance claim concerning the factual basis for his guilty plea. But if he is, we find the plea record did not require an objection by counsel on that basis either.

The written petition and court's acceptance both focused on the fact Galbreath was entering an *Alford* plea. In that context, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31. Under the *Alford* procedure, "the defendant acknowledges the evidence strongly negates [his] claim of innocence and enters [a guilty] plea to avoid a harsher sentence." *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005). The court has discretion to accept an *Alford* plea where "'the record before the judge contains strong evidence of actual guilt.'" *State v. Klawonn*, 609 N.W.2d 515, 521 (Iowa 2000) (quoting *Alford*, 400 U.S. at 37). The rule 2.8(2)(b) requirement for determining a factual basis exists even when the defendant is entering an *Alford* plea. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). A court's finding of "strong evidence of guilt" when accepting an *Alford* plea satisfies the factual basis requirement. *See State v. Salinas*, 887 P.2d 985, 987 (Ariz. 1994).

Galbreath's petition includes two references to "strong evidence" of his actual guilt—both underlined in red marker and initialed by him. In accepting the *Alford* plea, the court found strong evidence of Galbreath's guilt from its review of the trial information, minutes, police reports, and statements of counsel. The district court went to some lengths in this case to ensure that the forms reflected the defendant's grasp of the *Alford* plea process. Accordingly, we have no trouble concluding this record satisfies the requirements under rule 2.8(2)(b) and the case law interpreting the guilty plea standards. Counsel was not ineffective in allowing Galbreath to enter his guilty plea to aggravated misdemeanor domestic abuse assault.

**AFFIRMED.**