# IN THE COURT OF APPEALS OF IOWA

No. 14-0500
Filed January 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CREIGHTON PAUL CATLETT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Gregory W.

Steensland, Judge.


        The defendant appeals the judgment and sentence entered following his

guilty pleas.  **CONVICTIONS AFFIRMED, SENTENCES REVERSED IN PART,**

**AND REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, Matthew D. Wilber, County Attorney, and Martha Heinicke, Assistant

County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., Potterfield, J., and Scott, S.J.*

        *Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

Creighton Paul Catlett appeals the judgment and sentence entered following his convictions of two counts of assault causing bodily injury, two counts of serious injury by vehicle, one count of possession with intent to deliver, and one count of first-degree theft. He raises several claims of ineffective assistance of counsel stemming from his guilty plea. He also contends the trial court erred in failing to reduce the fine imposed following his probation revocation and in imposing a mandatory minimum sentence on his conviction of possession with intent to deliver. We affirm his convictions, vacate his sentence in part, and remand with directions.

**I. Background Facts and Proceedings.**

This case involves a guilty to plea to five charges stemming from four separate incidents in 2012 and 2013. Catlett entered his guilty pleas to all five charges on October 30, 2013. Judgment was deferred, and Catlett was placed on two years of probation under the supervision of the Drug Court Program. Catlett was assessed a $1000 civil penalty pursuant to Iowa Code section 907.14 (2013).

In December 2013, Catlett failed to return to the residential correctional facility where he had been placed, and an arrest warrant was issued for his escape from custody. Catlett pleaded guilty to the escape charge on March 19, 2014, and the deferred judgments entered in October 2013 were revoked. The district court ordered Catlett to serve a term of imprisonment not to exceed one year on each of his convictions of assault causing bodily injury and five years on his conviction of possession with intent to deliver. The court ordered those

sentences be served concurrently. The court also ordered Catlett to serve a term of incarceration not to exceed five years on each of his convictions of serious injury by vehicle and ten years on his conviction of first-degree theft but ordered these sentences be served consecutively for a total term of incarceration not to exceed twenty years.

## II. Ineffective Assistance of Counsel.

On appeal, Catlett first contends he was denied his constitutional right to effective assistance of counsel, which is one of two ways a defendant may attack a guilty plea. *See Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). We review ineffective-assistance claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). While we ordinarily preserve such claims for postconviction relief proceedings, we will address an ineffective-assistance claim on direct appeal if the record is sufficient to permit a ruling. *Id.* We find the record here is sufficient.

Catlett alleges his counsel was ineffective in allowing him to plead guilty and for failing to file a motion in arrest of judgment because (1) his convictions and sentences for serious assault by vehicle arise from a single incident, in violation of the Double Jeopardy Clause, (2) his plea was involuntary and unintelligent due to the district court's failure to explain the nature and elements of each offense, and (3) there is no factual basis for his theft conviction.

### A. Double Jeopardy.

Catlett's first claim of ineffective assistance of counsel concerns his serious-injury-by-vehicle convictions. He argues counsel was ineffective in allowing him to plead guilty to both counts because they arise from the same

incident and are the same offense, in violation of the Double Jeopardy Clause of the United States Constitution.

One of the purposes of the Double Jeopardy Clause is to prevent multiple punishments for the same offense. *State v. Lindell*, 828 N.W.2d 1, 4 (Iowa 2013). However, the Double Jeopardy Clause does not prevent multiple sentences if a defendant is convicted of two offenses that are not the same. *State v. Jacobs*, 607 N.W.2d 679, 688 (Iowa 2000). "Where the sentences imposed are based on distinct acts, there is no double jeopardy problem." *Id.* The test to determine whether the same act violates two distinct statutory provisions "'is whether each provision requires proof of an additional fact which the other does not.'" *State v. Wissing*, 528 N.W.2d 561, 566 (Iowa 1995) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

The State charged Catlett with two counts of serious injury by vehicle arising from an incident on July 26, 2013. On that date, Catlett was driving a truck at a high rate of speed when it struck a parked van, mailbox, and concrete pole. Catlett's girlfriend sustained injuries to her head and shoulder in the crash and was transported to the hospital for treatment. A test of Catlett's urine following the crash showed the presence of alcohol, marijuana metabolites, and cocaine metabolites. Count I of the trial information alleged Catlett caused "a serious injury by operating a motor vehicle while under the influence of alcohol or a drug or a combination of such substances." Count II alleged Catlett caused "a serious injury by driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property."

Both Catlett's convictions for serious injury by vehicle arise from the same incident. The question is whether the offenses—and the acts being punished— are the same. Iowa Code section 707.6A(4) provides several ways a person may commit serious injury by vehicle. One way is "by operating a motor vehicle while intoxicated." Iowa Code § 707.6A(1), (4). Another is by "[d]riving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property." *Id.* § 707.6A(2)(a), (4). To commit the offense of serious injury by vehicle as described in section 7076A(1), a person need not drive recklessly. *See State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994) ("Although driving under the influence is certainly reckless behavior, proof of recklessness is not an essential element of operating while intoxicated."). And while operating a motor vehicle while intoxicated is reckless, it is not a requirement for committing the offense of serious injury by vehicle as described in section 707.6A(2)(a). *See id.* at 388 (noting one may operate a motor vehicle while intoxicated without actually moving the vehicle, which would obviate the recklessness element of reckless driving). Because each offense requires proof of a fact the other does not require, the offenses are not the same. Accordingly, counsel was not ineffective in allowing Catlett to plead guilty to both.

**B. Voluntary and Intelligent.**

Catlett alleges his counsel was ineffective in failing to file a motion in arrest of judgment following his guilty plea because his plea was not voluntary and intelligent. He alleges the district court failed to explain the nature and elements of each offense and to inform him the jury's verdict must be unanimous to convict.

Due process requires that a defendant enter a guilty plea voluntarily and intelligently. *State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). If Catlett pleaded guilty without a voluntary and intelligent waiver of his constitutional rights and counsel failed to file a motion in arrest of judgment, counsel breached an essential duty. *Id.* Iowa Rule of Criminal Procedure 2.8(2)(b) sets forth the requirements for accepting a guilty plea. The first requirement is informing the defendant of "[t]he nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(1). However, the court "need only substantially comply with this rule; strict compliance is not required." *State v. Yarborough*, 536 N.W.2d 493, 496 (Iowa Ct. App. 1995).

We conclude the court substantially complied with the requirements of rule 2.8(2)(b). The court is not required to discuss each element of a charge with the defendant to ascertain his understanding of the nature of the offense. *Id.* The court's failure to explain an offense is not reversible error if, under the circumstances, the defendant understood the nature of the charge. *Id.* Here, the names of the offenses alone are descriptive enough for Catlett to understand the charges he faced. *See id.* ("In fact, in some situations the name of the offense itself has been held to be sufficiently descriptive."). The court also confirmed Catlett had received the trial information and agreed the minutes of evidence for each charge were accurate. Under these circumstances, the record shows Catlett was aware of and understood the nature of the charges to which he was pleading guilty. Therefore, counsel had no duty to file a motion in arrest of judgment.

Counsel was also not ineffective in failing to file a motion in arrest of judgment for failure to explain the jury's verdict must be unanimous. Rule 2.8(2)(b) requires that the court inform the defendant of the right to be tried by jury. At the plea hearing, the court asked Catlett, "Do you understand that you have a right to a speedy and public trial by a jury of 12 persons?" Catlett affirmed he understood. There is no requirement that the court inform a defendant the jury's verdict must be unanimous. Therefore, counsel did not breach an essential duty in failing to file a motion in arrest of judgment.

Because Catlett has failed to show his guilty plea was entered in violation of his due process rights, counsel was not ineffective by failing to file a motion in arrest of judgment on this basis.

### C. Factual Basis.

Catlett's final ineffective-assistance claim concerns counsel's alleged failure to ensure there was a factual basis for his guilty plea to the first-degree theft charge. If counsel allowed Catlett to plead guilty and waive his right to file a motion in arrest of judgment when there was no factual basis to support the plea, counsel failed to perform an essential duty and prejudice is presumed. *See State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013).

In determining the existence of a factual basis for the plea, we may examine the entire record before the district court—not just the plea colloquy. *Finney*, 834 N.W.2d at 62. The record includes the inquiry of the defendant, inquiry of the prosecutor, presentence report, and minutes of evidence. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). Although the evidence must

demonstrate sufficient facts to support the offense, it need not rise to the level necessary to support a guilty conviction. *Id.*

We conclude sufficient evidence supports Catlett's guilty plea to first-degree theft. Theft occurs when a person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 716.1(1). Catlett alleges there is no factual basis for showing he intended to permanently deprive his brother of his cell phone. The record evidence shows otherwise. An incident report filed with the minutes of evidence shows Catlett was in a physical altercation with his brother, Harbour, on August 28, 2013. When Harbour attempted to use his cell phone to call the police, Catlett took the phone and "slammed it on the ground." Although Catlett claims the evidence only shows he intended to prevent Harbour from using the phone to call the police, Catlett's intent to permanently deprive Harbour of the phone can be inferred as a natural consequence of his act of slamming it to the ground. *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) (noting that we examine the record for facts and circumstances that would support an inference of intent to permanently deprive an owner of property because intent is seldom capable of being established by direct evidence); *State v. Chang*, 587 N.W.2d 459, 462 (Iowa 1998) (holding an actor is presumed to intend the natural consequence of his or her acts).

Because there is a factual basis in the record for the theft conviction, counsel was not ineffective in allowing Catlett to plead guilty and failing to file a motion in arrest of judgment.

**III. Sentence.**

Catlett next contends the district court erred in sentencing him. Specifically, he challenges the court's failure to reduce the amount of his fine by $1000 pursuant to Iowa Code section 908.11(5) for the civil penalty previously imposed upon his deferred judgment. He also argues the court erred in imposing a three-year mandatory minimum on his possession-with-intent-to-deliver conviction. Because Catlett alleges the court imposed an illegal sentence, our review is for correction of errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

The State concedes the failure to reduce the fine and the imposition of a mandatory minimum sentence resulted in an illegal sentence. We vacate this portion of the sentence and remand for entry of a corrected sentencing order reducing the total amount of fines imposed by $1000 and eliminating the mandatory minimum sentence imposed upon his conviction for possession with intent to deliver.

**CONVICTIONS AFFIRMED, SENTENCES REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**