# IN THE COURT OF APPEALS OF IOWA

No. 16-1281
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL SANDERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.

        Michael Sanders appeals his conviction following a guilty plea to possession of marijuana. **AFFIRMED.**

        William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Michael Sanders appeals his conviction of possession of a controlled substance, first offense, a serious misdemeanor in violation of Iowa Code section 124.401(5) (2016). He challenges his written guilty plea on the basis it was not knowing and voluntary because he was not informed of the nature of the charge to which his plea was offered as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(1). In the alternative, Sanders claims his plea counsel was ineffective. We affirm.

We review a challenge to a guilty plea for correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). We review claims of ineffective assistance of counsel de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."). Pursuant to rule 2.8(2)(d), "[t]he court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." "[I]t is 'unnecessary . . . for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion

in arrest of judgment requirements.'" *Fisher*, 877 N.W.2d at 680–81 (quoting *Meron*, 675 N.W.2d at 541). "Instead, a written waiver filed by the defendant can be sufficient." *Id.*; *see also State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (concluding the defendant failed to preserve error because he did not file a motion in arrest of judgment when his written guilty plea clearly stated that a failure to file such a motion would bar any challenge to his plea on appeal).

Sander's written guilty plea shows he was informed of his right to file a motion in arrest of judgment and that any failure to file such a motion would preclude his right to assert any challenges to his guilty plea on appeal. Sanders did not file a motion in arrest of judgment. Therefore, his challenge to his guilty plea based on the district court's failure to inform him of the nature of the charge to which his plea was offered is not preserved for our review.

In order to side step the error preservation impediment, Sanders alternatively claims his plea counsel rendered ineffective assistance in allowing Sanders to enter a plea that was not knowing and voluntary. Ineffective-assistance claims are an exception to the traditional rules of error preservation. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). In order to prove a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495.

We ordinarily preserve such claims for postconviction-relief proceedings but will resolve them on direct appeal when the record is adequate. *See id.* at 494.

A guilty plea is only valid if a defendant enters it voluntarily, knowingly, and intelligently. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). Iowa Rule of Criminal Procedure 2.8(2)(b) details what the trial court must do to ensure a plea is knowing and voluntary, and compliance ordinarily satisfies due process requirements. *See State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985). Substantial—not strict—compliance with rule 2.8(2)(b) is all that is required. *See State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001).

Sanders claims his plea counsel was ineffective for not ensuring Sanders was informed of and understood "the nature of the charge to which the plea is offered" as required by rule 2.8(2)(b)(1). Specifically, he claims he was not informed of the elements of the charge. *See State v. Ludemann*, 484 N.W.2d 611, 613 (Iowa Ct. App. 1992) ("[The defendant]'s decision to enter a plea did not relieve the trial court of its duty to inform him of the nature of the offense, including the element of specific intent.").

When informing a defendant of the nature of the charges, the court is not required to review and explain each element of the crime. *See State v. Null*, 836 N.W.2d 41, 49 (Iowa 2013); *State v. Brown*, 376 N.W.2d 910, 911 (Iowa 1985) ("In guilty plea proceedings, lack of explanation of the elements of an offense is not reversible error if, under the circumstances, it is apparent that the accused understood the nature of the charge."). The extent of the court's explanation varies with the circumstances of each case. *See State v. Dryer*, 342 N.W.2d 881, 884 (Iowa 1983). In determining how much explanation is necessary, we

consider the complexity of the charge as well as the defendant's education and experience. *See State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981). "In addition, the name given the offense may be sufficiently descriptive of its nature to obviate further explanation." *Id.* The question is whether the record as a whole shows the defendant understood the elements of the crime and the nature of the charge. *See Philo*, 697 N.W.2d at 488.

"Unlawful possession of a controlled substance requires proof that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance." *State v. Bash*, 670 N.W.2d 135, 137 (Iowa 2003). The trial information accuses Sanders of committing the crime of possession of a controlled substance in violation of Iowa Code section 124.401(5), specifically that he "did knowingly or intentionally possess a controlled substance, to-wit: Marijuana." Sanders's written plea states, "I read the Trial Information and understand the nature of the charges." It also states, "I plead guilty to . . . Possession Controlled Substance," and "I knowingly possessed marijuana, in a small, personal-use quantity."

The name of the offense is sufficiently descriptive of its nature to obviate further explanation. The elements of the charge here were not complex, and the nature of the offense was apparent from its name. The record as a whole shows that Sanders sufficiently understood the nature of the charge. We therefore find substantial compliance with the requirements of rule 2.8(2)(b)(1). Sanders's

claim of ineffective assistance of plea counsel is without merit, and we affirm the district court's judgment.

**AFFIRMED.**